UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW GREGORY SPOTTED ELK,<br><br>Plaintiff,<br><br>vs.<br><br>DARRIN YOUNG, in his individual capacity; AW BENTENE, in their individual and official capacity; ALEX HANSON, S.I.U., in their individual and official capacity; TROY ELLISE, Restrictive Housing Hearing Board member, in their individual and official capacity; R. VANDEREA, Restrictive Housing Board Member, in their individual and official capacity; D. BIEBER, Restrictive Housing Hearing Board Member, in their individual and official capacity; JEN DRIESKE, in her individual and official capacity; JESSICA COOK, a/k/a Mrs. Cook, Associate Warden Jameson, in her individual and official capacity; JEANNIE BERTCH, a/k/a J. Bertch, Restrictive Housing Manager, Associate Warden Jameson, in her individual and official capacity; ERIC TIMMERMAN, Restrictive Housing Staff Member, in his individual and official capacity; SETH HUGHES, A-Floor Unit Manager, in his individual and official capacity; TROY PONTO, Deputy Warden, in his individual and official capacity; LT. M. JONES, Disciplinary Hearing Officer, in their individual and official capacity; TIFFANY STOYNOV, Unit Coordinator, in her individual and official capacity; UNIT COORDINATOR BUOL, Unit Coordinator, in their individual and official capacity; MIKE LEIDHOLT, Cabinet Secretary South Dakota D.O.C., in his individual capacity; CATHY WYNIA, Special Investigator (SIU), in her individual and official capacity; M. WARD, Case Manager, in their individual and official capacity; UNIT COORDINATOR PECHOUS, A-Floor Unit Coordinator, in their individual | 4:22-CV-04031-LLP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT BUT ALLOWING PLAINTIFF TO REFILE MOTION TO AMEND COMPLAINT, GRANTING PLAINTIFF'S MOTION FOR ASSISTED SERVICE, AND GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME |

1

| | |
|---|---|
| and official capacity; CHAD ROTERT, Associate Warden, in his individual and official capacity; TERESA BITTINGER,[1] in her official capacity; KELLIE WASKO, in her official capacity,<br><br>      Defendants. | |

  Plaintiff, Andrew Gregory Spotted Elk, an inmate at the South Dakota State Penitentiary ("SDSP"), filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Spotted Elk's complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service upon defendants in part. Doc. 12. Spotted Elk moves for leave to amend his complaint. Doc. 20. He also moves for discovery. Doc. 21. Defendants move for an extension of time to answer Spotted Elk's complaint. Doc. 15.

## I. Motion for Leave to Amend Complaint

  Spotted Elk moved for leave to amend his complaint on January 20, 2023. Doc. 20. Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading" or motion. Defendants Dreiske, Bieber, Buol, Cook, and Stoyanov have not yet been served, and the remaining defendants were served on December 20, 2022. Docs. 17, 19. Spotted Elk's motion falls outside the 21-day window from the date of service that began on December 20, 2022, and

---

[1] Spotted Elk brings claims against Dan Sullivan, the former South Dakota State Penitentiary Warden, in his official capacity. *See* Doc. 12 at 5 n.2. Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." The current South Dakota State Penitentiary Warden is Teresa Bittinger, who is automatically substituted for Sullivan on the official capacity claims.

2

because defendants have not yet responded, his motion was not filed 21 days after service of a responsive pleading or motion. *See* Fed. R. Civ. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.*

Because all defendants have not yet been served and because defendants have not yet answered the original complaint, the court finds that leave to amend is justified. But under Local Rule 15.1, "any party moving to amend a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1. Although Spotted Elk describes the facts and arguments he seeks to add to his complaint, he does not attach a copy of the proposed amended complaint to his motion to amend his complaint. *See* Docs. 20, 20-1. Thus, Spotted Elk's motion to amend complaint, Doc. 20, is denied, but this Court will allow Spotted Elk 30 days to refile a motion to amend his complaint and attach a copy of the amended complaint that complies with Local Rule 15.1. Spotted Elk must refile his motion to amend his complaint by **July 26, 2023**.

## II. Motion for Discovery

Spotted Elk filed a motion that he refers to as a motion for discovery, asking this Court for assistance in finding "the present or last known addresses of" Dreiske, Bieber, Buol, Cook, and Stoyanov. Doc. 21. Under Federal Rule of Civil Procedure 26(d)(1), a party may not seek discovery prior to a Rule 26(f) conference "except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). One such proceeding is "an action brought without an attorney

by a person in the custody of the United States, a state, or a state subdivision[.]" Fed. R. Civ. P. 26(a)(1)(B)(iv).

However, discovery is improper before a complaint is initially served. See Fed. R. Civ. P. 5(d)(1)(A) ("Any paper *after the complaint* that is required to be served—must be filed no later than a reasonable time after service." (emphasis added)); cf. Webb v. Johnson, 2021 WL 2002712, at *10 n.7, 2021 U.S. Dist. LEXIS 95392, at *26 n.7 (D. Neb. May 19, 2021) ("[In a pro se civil case,] the court will issue a progression order, addressing discovery and other issues, approximately thirty days after the last defendant has answered." (quotation omitted)); Mays v. Sherburne Cnty. Jail, 2020 U.S. Dist. LEXIS 82530, at *5-6 (D. Minn. May 11, 2020) ("[Defendants] would not be required to respond to any discovery request [plaintiff] served on them until after service of the Summons and Complaint has occurred."). Thus, discovery is not appropriate at this time.

This Court liberally construes Spotted Elk's filing as a motion for assisted service. *See* Doc. 21; *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases."). In a similar case, this Court instructed the plaintiff to "try to serve [the defendant] with the information that he ha[d] before he s[ought] assistance from the Court to compel another party to act." *Christians v. Young*, 4:20-CV-04083-LLP, 2023 WL 2687260, at *13, 2023 U.S. Dist. LEXIS 56481, at *44 (D.S.D. Mar. 29, 2023) (quotation omitted). In *Christians*, this Court granted the plaintiff's later request for assisted service regarding a different set of defendants because the plaintiff had previously attempted to serve those defendants and was unsuccessful. *Id.* Here, Spotted Elk has attempted to serve the unserved defendants and was unsuccessful in doing so because they no longer work at

4

the South Dakota State Penitentiary. *See* Doc. 17. Thus, Spotted Elk's motion for assisted service, Doc. 21, is granted.

Spotted Elk states that "[he] do[es] not need this information personally but the U.S. Marshal does to complete service as ordered by the court." Doc. 21 at 1. Defendants indicate that they "are willing to disclose the requested information to the U.S. Marshals Service with the express understanding that (1) any such information will not be disclosed to the Plaintiff or (2) otherwise be subject to public dissemination." Doc. 22 at 4. Defendants further request that these defendants' addresses be redacted from the returns of service before they are filed. *Id.* (citation omitted). Thus, defendants' counsel must provide the last known addresses for defendants Dreiske, Bieber, Buol, Cook, and Stoyanov to the United States Marshals Service by **July 26, 2023**. The Clerk of Court is directed to redact these defendants' addresses from the returns of service before they are filed and to provide redacted copies to Spotted Elk.

### III. Defendants' Motion for Extension of Time

Defendants filed a motion for extension of time to answer Spotted Elk's complaint. Doc. 15. Defendants ask that they be given "twenty-one (21) days after the date of service of the Complaint upon said Defendants that have yet to be served . . . in which to file a single Answer herein." *Id.* at 3. Good cause appearing, defendants' motion for extension of time, Doc. 15, is granted. Defendants may have until twenty-one days after the date of service of the complaint upon all defendants to answer the complaint.

Accordingly, it is ORDERED:

1. That Spotted Elk's motion for leave to amend complaint, Doc. 20, is denied, but Spotted Elk has until **July 26, 2023**, to refile his motion for leave to amend complaint with an attached amended complaint that complies with Local Rule 15.1.

5

2. That Spotted Elk's motion for assisted service, Doc. 21, is granted. Defendants' counsel shall provide the last known addresses for defendants Dreiske, Bieber, Buol, Cook, and Stoyanov to the United States Marshals Service by **July 26, 2023**. The Clerk of Court shall redact these defendants' addresses from the returns of service before they are filed and provide redacted copies to Spotted Elk.

3. That defendants' motion for extension of time, Doc. 15, is granted. Defendants may have until twenty-one days after the date of service of the complaint upon all defendants to answer the complaint.

DATED June 26, 2023.

ATTEST:
MATTHEW W. THELEN, CLERK

BY THE COURT:

Lawrence L. Piersol
United States District Judge