UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

| | |
|---|---|
| ANDREW GREGORY SPOTTED ELK, <br><br> Plaintiff, <br><br> vs. <br><br> AW BENTENE,[1] in their official capacity; ALEX HANSON, S.I.U., in their individual and official capacity; TROY ELLISE,[2] Restrictive Housing Hearing Board member, in their individual and official capacity; R. VANDEREA,[3] Restrictive Housing Board Member, in their individual and official capacity; D. BIEBER, Restrictive Housing Hearing Board Member, in their individual and official capacity; JEN DRIESKE,[4] in her individual capacity; JESSICA COOK, a/k/a Mrs. Cook, Associate Warden Jameson, in her individual and official capacity; JEANNIE BERTCH,[5] a/k/a J. Bertch, Restrictive Housing Manager, Associate Warden Jameson, in her individual and official capacity; ERIC TIMMERMAN, Restrictive Housing Staff Member, in his official capacity; SETH HUGHES, A-Floor Unit Manager, in his official capacity; TROY PONTO, Deputy Warden, in his official capacity; LT. M. JONES, Disciplinary Hearing Officer, in their official capacity; TIFFANY STOYNOV, Unit Coordinator, in her individual and official | 4:22-CV-04031-LLP <br><br> OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND, DENYING PLAINTIFF'S MOTION FOR A P.T.O., DENYING AS MOOT DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE ANSWER, AND 1915A SCREENING OF AMENDED COMPLAINT |

---

[1] Spotted Elk spells the defendant's name as AW Bentene. This Court will refer to the defendant by the correct spelling of his or her last name, which is Benting.
[2] Spotted Elk spells the defendant's name as Troy Ellise. This Court will refer to the defendant by the correct spelling of his or her last name, which is Ellis.
[3] Spotted Elk spells the defendant's name as R. Vanderea. This Court will refer to the defendant by the correct spelling of his or her last name, which is Vanderaa.
[4] Spotted Elk spells the defendant's name as Jen Drieske. This Court will refer to the defendant by the correct spelling of her last name, which is Dreiske.
[5] Spotted Elk spells the defendant's name as Jeannie Bertch. This Court will refer to the defendant by the correct spelling of her last name, which is Bertsch.

1

| | |
|---|---|
| capacity; UNIT COORDINATOR BUOL, Unit Coordinator, in their official capacity; CATHY WYNIA, Special Investigator (SIU), in her individual and official capacity; M. WARD, Case Manager, in their individual and official capacity; UNIT COORDINATOR PECHOUS, A-Floor Unit Coordinator, in their official capacity; CHAD ROTERT, Associate Warden, in his individual and official capacity; TERESA BITTINGER,[6] in her official capacity; KELLIE WASKO, in her official capacity,<br><br>                   Defendants. | |

Plaintiff, Andrew Gregory Spotted Elk, an inmate at the South Dakota State Penitentiary (SDSP), filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Spotted Elk's motion for leave to proceed in forma pauperis and required Spotted Elk to pay an initial partial filing fee. Doc. 9. Spotted Elk paid his initial partial filing fee on May 26, 2022. This Court screened Spotted Elk's complaint dismissing in part and directing service in part. Doc. 12. Spotted Elk now moves to amend his complaint and filed a motion for P.T.O., determined to be a request for a temporary restraining order. Docs. 24, 33.

## MOTION TO AMEND

On January 20, 2023, Spotted Elk filed a motion to amend his complaint. Doc. 20. On June 26, 2023, this Court denied Spotted Elk's motion because he did not provide a proposed amended complaint but granted him 30 days to refile his motion to amend his complaint. Doc. 23 at 3. On July 24, 2023, Spotted Elk timely refiled his motion to amend, Doc. 24, and provided a

---

[6] Spotted Elk brings claims against Dan Sullivan, the former warden of the SDSP. Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Teresa Bittinger is the current warden at the SDSP. Thus, Bittinger is automatically substituted as a party for claims against Sullivan in his official capacity.

proposed amended complaint, Doc. 24-1. Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading" or motion. Spotted Elk filed his motion to amend within the timing limitation for amending as a matter of course under Rule 15(a)(1). The District of South Dakota's Local Rules require that "any party moving to amend a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1. This Court finds that Spotted Elk has substantially complied with Local Rule 15.1 and this Court's order, Doc. 23. Thus, Spotted Elk is granted leave to amend his complaint. "[A]n amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (citing *Washer v. Bullitt Cnty.*, 110 U.S. 558, 562 (1884)). Thus, Spotted Elk's amended complaint, Doc. 24-1, supersedes his original complaint, Doc. 1, and renders his original complaint without legal effect.

## 1915A SCREENING OF AMENDED COMPLAINT

I.  **Factual Background**

Spotted Elk previously filed a complaint, which this Court screened. Docs. 1, 12. In Spotted Elk's amended complaint, he adds minimal conclusory allegations to claims asserted in his complaint. *See* Docs. 1, 24-1. In Spotted Elk's amended complaint, he generally alleges that

> On information and belief all individuals above [as named in the caption of the amended complaint] in their official capacity and individual capacities were involved in [his] 14[th] Amendment Procedural Due process claims, 1. Sufficiency of Notice and 2. Sufficiency of Evidence. Also they are all involved in the 8[th] amendment Conditions of Confinement claim Along with the 8[th] amendment Deliberate indifference claim, plus the 14[th] amendment Equal protection claim. They were all also involved officially and individually in the IIED Intentional

3

> Infliction of Emotional Distress claim and Retaliatory Discipline claim under 42 U.S.C. § 1983.
>
> It was all their actions that infringed and violated [his] constitutional rights while at their work place. All these individuals have supervisor and management level status and were negligent in thier [sic] supervision of subordinates and were aware of misconduct and did not intervene to stop or address it. All these individuals are decision makers and what happen to [Spotted Elk] could only be the result of the decisions they made and did not make.

Doc. 24-1 at 1–2.

Spotted Elk requests preliminary release to a safer area of the SDSP and an "[i]njunction requiring the prison to make a public statement [that his] rights were violated[.]" *Id.* at 12. He also requests $10 million in compensatory damages and $10 million in punitive damages. *Id.*

## II.   Legal Background

The court must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in

the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

### III. Discussion

#### A. Spotted Elk's Claims Screened in His Initial Complaint

The following claims survived screening of Spotted Elk's initial complaint: (1) Fourteenth Amendment procedural due process claim for insufficient notice against Hanson, Wynia, Rotert, Stoynov, Bertsch, Bieber, Ellis, Vanderaa, Ward, and Cook in their individual capacities and in their official capacities for injunctive relief and against Dreiske in her individual capacity only and (2) Eighth Amendment conditions of confinement claim against all defendants in their official capacities for injunctive relief except Young, Dreiske, and Leidholt. Doc. 12 at 22. Spotted Elk does not allege any facts altering his claims that survived screening. Thus, this Court need not reanalyze these claims when screening Spotted Elk's amended complaint.

During this Court's screening of Spotted Elk's complaint, the following claims were dismissed: (1) official capacity claim for money damages against all defendants;[7] (2) Fourteenth

---

[7] Spotted Elk realleges claims against all defendants in their official capacities for money damages. For the reasons established in this Court's screening of Spotted Elk's original

5

Amendment sufficiency of notice claim against Young, Benting, Timmerman, Hughes, Ponto, Jones, Stoynor, Buol, Leidholt, Pechous, Sullivan, and Wasko in their individual and official capacities; (3) Fourteenth Amendment sufficiency of evidence claim against all defendants in their individual and official capacities; (4) Eighth Amendment conditions of confinement claim against all defendants in their individual capacities and against Young, Dreiske, and Leidholt, in their individual and official capacities; (5) Eighth Amendment deliberate indifference claim against all defendants in their individual and official capacities; (6) First Amendment access to the courts claim against Pechous, Timmerman, Bertsch, Hughes, and Cook in their individual and official capacities; and (7) Fourteenth Amendment equal protection claim against all defendants in their individual and official capacities. *Id.* at 8–22.

B.  **Spotted Elk's Dismissed Claims Affected by His Amended Complaint**

In Spotted Elk's amended complaint, he seeks to reinstate the claims that were dismissed on screening against all defendants in their individual and official capacities. *See id.* A plaintiff can amend his complaint to assert additional facts to support claims dismissed during screening of his initial complaint, but he must allege personal involvement by defendants to reinstate individual capacity claims that did not survive screening. Here, Spotted Elk generally paraphrases the law this Court cited to when screening his initial complaint, but he does not allege any additional facts showing personal involvement by defendants. Thus, Spotted Elk's amendments to state claims against Benting, Timmerman, Hughes, Ponto, Johnes, Boul, Pechous, Sullivan, and Wasko in their individual capacities are futile. Spotted Elk's amendments

---

complaint, his claims against all defendants in their official capacities for money damages are futile.

to state claims against Leidholt in his individual and official capacity and Drieske in her official capacity are futile.

### 1. Fourteenth Amendment Sufficiency of Notice Claim

This Court fully analyzed the requirements of the Fourteenth Amendment during its initial screening of Spotted Elk's complaint. Doc. 12 at 8–17. During screening of Spotted Elk's original complaint, this Court held that his Fourteenth Amendment due process claim for insufficient notice against Hanson, Wynia, Rotert, Stoynov, Bertsch, Bieber, Ellis, Vanderaa, Ward, and Cook survived § 1915A screening. *Id.* at 13, 22. Spotted Elk's Fourteenth Amendment due process claim for insufficient notice was dismissed against all other defendants during initial screening because Spotted Elk had not alleged direct participation by other defendants. *Id.*

Under *Parrish v. Ball*, each individual defendant can only be held liable for directly participating in the alleged constitutional violation or for failing to train or supervise an offending actor. 594 F.3d 993, 1001 (8th Cir. 2010). Spotted Elk alleges that all defendants are responsible for the alleged violations of his due process rights. Doc. 24-1 at 1–5. Thus, Spotted Elk's Fourteenth Amendment due process claim for insufficient notice against all defendants, except Bittinger, in their individual capacities survives § 1915A screening. Spotted Elk's Fourteenth Amendment due process claim for insufficient notice against all defendants, except for Young, Dreiske, and Leidholt, in their official capacities for injunctive relief survives § 1915A screening.

The due process protections regarding adequacy of the notice provided to Spotted Elk only apply if Spotted Elk has a liberty interest in avoiding his post-discipline conditions of confinement. *See Smith v. McKinney*, 954 F.3d 1075, 1079 (8th Cir. 2020) (citing *Wilkinson v.*

*Austin*, 545 U.S. 209, 221 (2005)). Spotted Elk has a liberty interest in avoiding disciplinary conditions of confinement when he can show "some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." *See id.* at 1082 (quoting *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003)). Only after establishing a liberty interest does the court turn to the question of what process is due. *Id.* at 1079 (citing *Williams v. Norris*, 277 F. App'x 647, 649 (8th Cir. 2008) (per curiam)); *Wilkinson*, 545 U.S. at 224. Thus, although Spotted Elk's Fourteenth Amendment due process claim for insufficient notice survives screening, he will have to establish both that his post-discipline conditions of confinement constituted an atypical and significant hardship such that he had a liberty interest in avoiding them and that he was not provided adequate notice to prevail on this claim.

### 2. Fourteenth Amendment Sufficiency of Evidence Claim

This Court dismissed Spotted Elk's sufficiency of evidence claim during screening of his initial complaint. Doc. 12 at 14–15. A disciplinary decision must be supported by "some evidence." *See Holt v. Caspari*, 961 F.2d 1370, 1372 (8th Cir. 1992) (quoting *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)). "[T]he 'relevant question is whether there is any evidence in the record that *could support* the conclusion reached by the disciplinary board.' " *Brown v. Frey*, 807 F.2d 1407, 1414 (8th Cir. 1986) (quoting *Hill*, 472 U.S. at 455–56 (emphasis added)). But prison officials need not provide all relevant evidence. *See Freitas v. Auger*, 837 F.2d 806, 809 (8th Cir. 1988) (explaining that "prison officials were justified in withholding information about confidential informants because of the risk of revealing their identities"); *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (finding that drug test results need not be included in the

written notice for a drug infraction and that prison officials are not required to provide a copy of drug test results to the inmate (citing *Harrison v. Dahm*, 911 F.2d 37, 41 (8th Cir. 1990))).

In his amended complaint, Spotted Elk disputes the accuracy of the factual evidence presented during his disciplinary hearing. Doc. 24-1 at 5–7. Spotted Elk alleges that the evidence was not correct and that the information was inadmissible hearsay. *Id.* The Eighth Circuit has held that in a disciplinary hearing, "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). "[P]rison officials . . . may rely on hearsay in prison disciplinary proceedings[.]" *Moore v. Plaster*, 313 F.3d 442, 444 (8th Cir. 2002) (per curiam) (citing *Rudd v. Sargent*, 866 F.2d 260, 261 (8th Cir. 1989) (per curiam)). Thus, Spotted Elk fails to state a claim for violation of his Fourteenth Amendment due process rights for sufficiency of evidence against him. Spotted Elk's Fourteenth Amendment due process claim for insufficient evidence against all defendants in their individual and official capacities is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 3. Eighth Amendment Conditions of Confinement Claim

During screening of his initial complaint, this Court held that Spotted Elk's Eighth Amendment conditions of confinement claim against all defendants except Young, Dreiske, and Leidholt survived § 1915A screening. Doc. 12 at 17. This Court dismissed Spotted Elk's conditions of confinement claim against all defendants in their individual capacities because he did not allege individual conduct. *Id.* In Spotted Elk's amended complaint, he generally alleges that all defendants were involved with his conditions of confinement claim because "their actions . . . infringed and violated [his] constitutional rights while at their work place[.]" Doc. 24-1 at 8.

He claims that "[a]ll these defendants are decision makers and all that happened to [him] was because of the decisions they made and did not make." *Id.* He also alleges that "[a]ll these individuals have supervisor and management level status and were negligent in their supervision of subordinates and did not intervene to address or stop it." *Id.* Despite these allegations, Spotted Elk still has not alleged facts showing the defendants' individual conduct. *See id.* Spotted Elk has not alleged any facts to support his assertion that defendants were aware and deliberately indifferent to his conditions of confinement. *See id.* Thus, Spotted Elk's Eighth Amendment conditions of confinement claim against all defendants in their individual and official capacities is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

    **4.    Eighth Amendment Deliberate Indifference Claim**

During screening of Spotted Elk's initial complaint, this Court dismissed his Eighth Amendment deliberate indifference to serious medical needs claim because he had not alleged that his medical needs were diagnosed or so obvious that a lay person would easily recognize the need for treatment. Doc. 12 at 19. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104–05 (footnotes omitted). "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to

evidence deliberate indifference to serious medical needs." *Id.* at 106. Allegations of negligence will not suffice, nor will mere disagreement with treatment decisions. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (citing *Est. of Rosenberg*, 56 F.3d at 37).

The deliberate indifference standard includes both an objective and subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that [he or she] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* (citing *Coleman*, 114 F.3d at 784). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman*, 114 F.3d at 784 (internal quotation omitted). To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Spruce v. Sargent*, 149 F.3d 783, 786 (8th Cir. 1998) ("[C]onstructive knowledge, or the 'should-have-known' standard, is not sufficient to support a finding of deliberate indifference . . . .").

Here, Spotted Elk alleges in his amended complaint that he has "been diagnosed with chronic back pain and chronic arm pain by a physician and the conditions got worse as [he] wasn't able to move freely as one would in general population." Doc. 24-1 at 8. Spotted Elk has not alleged sufficient facts to show a serious medical need. Spotted Elk alleges that "all [defendants] in their official capacity and individual capacities were involved in [his] . . . 8[th] amendment Deliberate indifference claim[.]" *Id.* at 1–2. But Spotted Elk does not allege that any of defendants had knowledge of and disregarded his medical needs. *See generally id.* Thus,

Spotted Elk's Eighth Amendment deliberate indifference claim against all defendants in their individual and official capacities is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 5. Fourteenth Amendment Equal Protection Claim

When screening Spotted Elk's original complaint, this Court dismissed his Fourteenth Amendment equal protection claim against all defendants in their individual and official capacities because he failed to allege that he was treated differently from similarly situated inmates and that he had not shown any intentionally different treatment. Doc. 12 at 21. In Spotted Elk's amended complaint, he alleges a "class of one" equal protection claim because he was treated differently when he reported that Dallas Steiner, a fellow inmate, attempted to perform oral sex on him. Doc. 24-1 at 9. He alleges that "instead of investigating [Spotted Elk's] claim [he] was written up whereas Steiner[']s claim against [Spotted Elk] was investigated." *Id.* Spotted Elk alleges that "[t]here was no rational basis for the difference in treatment because under [the Prison Rape Elimination Act] PREA claims are to be investigated because there is no discretion to be taken in PREA claims but out of malice and retaliation [Spotted Elk] was written up[.]" *Id.*

The Equal Protection Clause of the Fourteenth Amendment requires the government to "treat similarly situated people alike," a protection that applies to prisoners. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004) (quoting *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999)). To show an equal protection violation, Spotted Elk must show: (1) he is treated differently than a similarly situated class of inmates, (2) the different treatment burdens a fundamental right, and (3) there is no rational relation between the different treatment and any

legitimate penal interest. *Id.* (citing *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (en banc)).

An equal protection claim has also been recognized through a "class of one" claim, where a "plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The Eighth Circuit applied a class of one analysis in the prison setting to an inmate's allegations of discrimination because the parole board denied him parole but granted parole to similarly situated inmates. *Nolan v. Thompson*, 521 F.3d 983, 989 (8th Cir. 2008). In *Nolan*, the Eighth Circuit held that "[a] class-of-one plaintiff must therefore 'provide a specific and detailed account of the nature of the preferred treatment of the favored class,' especially when the state actors exercise broad discretion to balance a number of legitimate considerations." *Id.* at 990 (quoting *Jennings v. City of Stillwater*, 383 F.3d 1199, 1214–15 (10th Cir. 2004)).

Here, Spotted Elk has not alleged that he is in a protected class or that his fundamental rights have been violated. *See* Doc. 24-1 at 9. Thus, he can only allege an equal protection claim as a class of one. Spotted Elk alleges that he "was treated differently when [he] reported Steiner tried to perform oral sex on [Spotted Elk] because instead of investigating [Spotted Elk's] claim [he] was written up whereas Steiner[']s claim was investigated." *Id.* Spotted Elk claims that "[t]here was no rational basis for the difference in treatment because under PREA claims are to be investigated because there is no discretion to be taken in PREA claims but out of malice and retaliation [Spotted Elk] was written up[.]" *Id.* Despite Spotted Elk's allegations, he has not shown that he is treated differently than a favored class. *See id.* Spotted Elk has alleged only one instance of a PREA claim treated differently, which was when Steiner reported Spotted Elk. *Id.*

13

Because he failed to allege a favored class that he was treated differently from, Spotted Elk's Fourteenth Amendment equal protection claim against all defendants in their individual and official capacities is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

  C. **Spotted Elk's New Claims Alleged in His Amended Complaint**

    1. **First Amendment Retaliation**

Spotted Elk brings a First Amendment retaliation claim against all defendants in their individual and official capacities. Doc. 24-1 at 11–12; Doc. 24-2 at 1. Spotted Elk filed a grievance against being placed in restrictive housing because of the PREA claim against him. Doc. 24-1 at 11. He claims that DNA evidence cleared him of the alleged misconduct. *Id.* He alleges that because he filed a grievance about restrictive housing, Hanson and other defendants falsified an H-9 writeup to keep in restrictive housing, denied his grievances, refused to process trust account papers, and refused to send his legal mail. *Id.* at 11–12. Spotted Elk alleges that all defendants were involved in the retaliation. *Id.* at 2. Stoynov responded to a grievance by Spotted Elk denying it because he requested a particular housing location. Doc. 24-2 at 1.

In order for a plaintiff to allege a First Amendment retaliation claim, he must show that "(1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)). "The filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity." *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007) (citing *Dixon v. Brown*, 38 F.3d 379, 379 (8th Cir. 1994)).

Here, Spotted Elk alleges that he engaged in the protected activity of filing a prison grievance because of his placement in restrictive housing; thus, he alleges that he engaged in protected First Amendment activity. *Id.*; Doc. 24-1 at 11–12. He also claims that Hanson and other defendants falsified an H-9 writeup because Spotted Elk filed a grievance. Doc. 24-1 at 11–12. Spotted Elk filed as an exhibit a response to his grievance denying his request for transfer out of restricted housing. Doc. 24-2 at 1. The response was signed by Stoynov. *Id.* "Among the liberties which prisoners do not enjoy is choice of cells. Transfer within the prison, or to another prison, is within the discretion of prison officials." *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984) (per curiam) (internal citations omitted). But "a prisoner cannot be transferred in retaliation for the exercise of a constitutional right." *Goff v. Burton*, 7 F.3d 734, 737 (8th Cir. 1993) (citing *Ponchik v. Bogan*, 929 F.2d 419, 420 (8th Cir. 1991)). *See also Murphy v. Mo. Dep't of Corr.*, 769 F.2d 502, 503 (8th Cir. 1985) (per curiam); *Garland v. Polley*, 594 F.2d 1220, 1223 (8th Cir. 1979). "In raising a retaliatory transfer claim, the prisoner must face a substantial burden in attempting to prove that the actual motivating factor for his transfer was the impermissible retaliation." *Goff*, 7 F.3d at 737 (internal quotations and citations omitted).

Spotted Elk has only alleged retaliation by Hanson and Stoynov. The Court at this stage cannot determine that Spotted Elk's First Amendment retaliation claim against Hanson and Stoynov is wholly without merit. Thus, Spotted Elk's First Amendment retaliation claim against Hanson and Stoynov in their official capacities for injunctive relief and in their individual capacities survives § 1915A screening. Spotted Elk's First Amendment retaliation claim against all defendants, except Hanson and Stoynov, is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 6. Intentional Infliction of Emotional Distress

Spotted Elk alleges a state-law intentional infliction of emotional distress claim against all defendants. *Id.* at 9–11. In South Dakota, a claim of intentional infliction of emotional distress requires proof of the following:

> (1) an act by the defendant amounting to extreme and outrageous conduct; (2) intent on the part of the defendant to cause the plaintiff severe emotional distress; (3) the defendant's conduct was the cause in-fact of plaintiff's distress; and (4) the plaintiff suffered an extreme disabling emotional response to defendant's conduct.

*Harvey v. Reg'l Health Network, Inc.*, 906 N.W.2d 382, 394 (S.D. 2018) (quoting *Anderson v. First Century Fed. Credit Union*, 738 N.W.2d 40, 51–52 (S.D. 2007)). *See also Fix v. First State Bank of Roscoe*, 807 N.W.2d 612, 618 (S.D. 2011).

Here, Spotted Elk claims that "defendants['] actions were extreme and outrages [sic] and was intentional, reckless and negligent which caused [him] emotional distress and that distress was severe." Doc. 24-1 at 9. He claims that he suffered mental injuries, including being diagnosed with anxiety, depression, and trauma; he also has been prescribed medication to combat his distress. *Id.* He claims that he also suffered the following injuries: (1) humiliation, because he was belittled instead of having his PREA claim investigated; (2) loss of freedom, because he could not move freely in general population when he was placed in restrictive housing; (3) threats from other inmates; (4) isolation, because of the threats Spotted Elk claims that he felt he could not trust anyone; (5) family relationships stressed, because he could not be there for his family while he was in restrictive housing; (6) imposition of suspended sentence, because he was non-compliant due to the restrictive housing program; (7) exposure to Covid-19 and Long Covid; (8) developed depression, anxiety, hypertension, and chronic back and arm pain; (9) denied food; and (10) overwhelming fear of death and bodily harm because of prior injuries by corrections officers and stabbing by another inmate. *Id.* at 10–11.

Spotted Elk generally alleges injuries and results without alleging conduct that caused the results. *Id.* at 9–11. He alleges injuries caused by an unidentified officer and by another inmate, who is not named as a defendant. *Id.* at 10–11. Thus, Spotted Elk has not alleged in his amended complaint any particular conduct by any particular defendants that caused his distress. *See id.* at 9–11. Spotted Elk has also not alleged an extreme, disabling emotional response. *See id.* Thus, Spotted Elk's state-law claim against defendants for intentional infliction of emotional distress is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

## MOTION FOR DISCOVERY

Spotted Elk requests this Court's assistance in "acquiring the information needed to show who train'd [sic] or supervises who." Doc. 24-1 at 2. The Federal Rules of Civil Procedure do not permit a party to request that a court, in effect, grant a motion to compel based on a request for information set forth in the complaint or amended complaint. If Spotted Elk wishes to conduct discovery, he may do so, but he must do so in accordance with Federal Rules of Civil Procedure 26, 33, 34, and 36, and seek the information from the opposing party. If the defendants refuse to comply and Spotted Elk does not believe the refusal is justified, then Spotted Elk may seek court intervention pursuant to Rule 37.

## MOTION FOR A TEMPORARY RESTRAINING ORDER

Spotted Elk filed a motion for a P.T.O., determined to be a request for a temporary restraining order, with the Court. Doc. 33. He asks the Court "to have Plaintiff housed on Bravo Floor [of the South Dakota State Penitentiary] as Plaintiff safety is in danger on delta floor[.]" *Id.* at 3. The Eighth Circuit clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will

inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Eighth Circuit has "observed that the 'likelihood of success on the merits is most significant.' " *Id.* (quoting *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 776 (8th Cir. 2012)).

"[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Traditionally, federal courts have adopted a broad hands-off attitude towards problems of prison administration." *Hosna v. Groose*, 80 F.3d 298, 304 (8th Cir.1996). It is not the role of federal courts to micro-manage state prisons. *Klinger v. Dep't of Corr.*, 31 F.3d 727, 733 (8th Cir.1994), *cert. denied*, 513 U.S. 1185 (1995). "Among the liberties which prisoners do not enjoy is choice of cells. Transfer within the prison, or to another prison, is within the discretion of prison officials." *Lyon*, 727 F.2d at 768 (citations omitted).

Here, Spotted Elk requests transfer to a different cell, which is within the function of prison administration. Spotted Elk also cannot at this stage show that he is likely to succeed on the merits. Thus, Spotted Elk's motion for a P.T.O., a request for a temporary restraining order, Doc. 33, is denied.

## MOTION FOR EXTENSION OF TIME TO FILE ANSWER

Defendants moved to extend time to file answer on August 21, 2023. Doc. 28. Defendants filed their answer, Doc. 32, before this Court ruled on the defendants' motion to extend time. Thus, defendants' motion to extend time to file answer, Doc. 28, is denied as moot.

Accordingly, it is ORDERED:

1. That Spotted Elk's motion to amend, Doc. 24, is granted. The Clerk of Court shall file Spotted Elk's proposed amended complaint.

2. That defendants will serve and file an answer or responsive pleading to Spotted Elk's amended complaint in accordance with Fed. R. Civ. P. 15(a)(3).

3. That Spotted Elk's official capacity claims for money damages are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

4. That Spotted Elk's Fourteenth Amendment due process claim for insufficient notice against all defendants, except Bittinger, in their individual capacities survives § 1915A screening.

5. That Spotted Elk's Fourteenth Amendment due process claim for insufficient notice against all defendants, except for Young, Dreiske, and Leidholt, in their official capacities for injunctive relief survives § 1915A screening.

6. That Spotted Elk's First Amendment retaliation claim against Hanson and Stoynov in their official capacities for injunctive relief and in their individual capacities survives § 1915A screening.

7. That all of Spotted Elk's remaining claims against all defendants are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

8. That Spotted Elk's request for assistance with discovery, Doc. 24, is denied.

9. That Spotted Elk's motion for a P.T.O, a request for a temporary restraining order, Doc. 33, is denied.

10. That defendants' motion to extend time to file answer, Doc. 28, is denied as moot.

DATED February 21, 2024.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____