UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW GREGORY SPOTTED ELK,<br><br>Plaintiff,<br><br>vs.<br><br>AW BENTENE, in their official capacity; ALEX HANSON, S.I.U., in their individual and official capacity; TROY ELLISE, Restrictive Housing Hearing Board member, in their individual and official capacity; R. VANDEREA, Restrictive Housing Board Member, in their individual and official capacity; D. BIEBER, Restrictive Housing Hearing Board Member, in their individual and official capacity; JEN DRIESKE, in her individual capacity; JESSICA COOK, a/k/a Mrs. Cook, Associate Warden Jameson, in her individual and official capacity; JEANNIE BERTCH, a/k/a J. Bertch, Restrictive Housing Manager, Associate Warden Jameson, in her individual and official capacity; ERIC TIMMERMAN, Restrictive Housing Staff Member, in his official capacity; SETH HUGHES, A-Floor Unit Manager, in his official capacity; TROY PONTO, Deputy Warden, in his official capacity; LT. M. JONES, Disciplinary Hearing Officer, in their official capacity; TIFFANY STOYNOV, Unit Coordinator, in her individual and official capacity; UNIT COORDINATOR BUOL, Unit Coordinator, in their official capacity; CATHY WYNIA, Special Investigator (SIU), in her individual and official capacity; M. WARD, Case Manager, in their individual and official capacity; UNIT COORDINATOR PECHOUS, A-Floor Unit Coordinator, in their official capacity; CHAD ROTERT, Associate Warden, in his individual and official capacity; TERESA BITTINGER, in her official capacity; KELLIE WASKO, in her official capacity,<br><br>Defendants. | 4:22-CV-04031-LLP<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR CLARIFICATION |

Plaintiff Andrew Gregory Spotted Elk, an inmate at the South Dakota State Penitentiary, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Spotted Elk's complaint, dismissing it in part and directing service upon the remaining defendants. Doc. 12. After the defendants answered Spotted Elk's complaint, this Court entered a scheduling order and two amended scheduling orders. Docs. 32, 37, 38, 40, 42. Spotted Elk now filed a request for production of documents, Doc. 43, and a request for clarification, Doc. 44.

I.  **Request for Production of Documents**

Spotted Elk filed a request for production of documents seeking his South Dakota Division of Criminal Investigation (DCI) interview tapes as well as copies of the following information: (1) his prison records; (2) all Prison Rape Elimination Act investigations about him; (3) all documents directly or indirectly regarding him; (4) his mental health records; (5) his medical records; (6) grievances filed by him and the responses; (7) all rules, regulations, and policies for restrictive housing from 2019 through 2020 and 2023 through 2024; (8) all of his housing records; (9) all investigative reports against him that resulted in criminal charges; (10) "statistics of Prison Rape Elimination Act being unfounded and unsusstantiated [sic] for South Dakota state prisons and those claims that were to have been found as falsified also"; (11) documents regarding his restrictive housing; and (12) DCI interview transcripts. Doc. 43 at 1–2.

Federal Rule of Civil Procedure Rule 5(d)(1)(A) provides that "discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing[.]" *See also* D.S.D. Civ. LR 26.1.A ("Pursuant to Fed. R. Civ. P. 5(d), depositions, interrogatories, *requests for documents*, requests for admissions, and answers and responses thereto must not be filed." (emphasis added)). Thus, Spotted Elk's request for production of documents, Doc. 43, is denied. If Spotted Elk wishes to conduct discovery, he may do so, but he must do so in accordance with Federal Rules of Civil Procedure 26, 33, 34, and 36, and seek the information

2

from the opposing party. If the defendants refuse to comply and Spotted Elk does not believe the refusal is justified, then Spotted Elk may seek court intervention pursuant to Rule 37.

## II. Request for Clarification

Spotted Elk claims that he "is unaware if he is to respond to any documents by defendants and asks the court if such exist." Doc. 44. The Court has no duty to advise Spotted Elk about his obligations to respond and cannot act as Spotted Elk's lawyer. *See Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (identifying that a district court is not responsible for advising a pro se litigant of the date by which he is required to respond to a defendant's motion); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."). Thus, Spotted Elk's request for clarification, Doc. 44, is denied.

Accordingly, it is ORDERED:

1. That Spotted Elk's motion to compel discovery, Doc. 43, is denied.
2. That Spotted Elk's request for clarification, Doc. 44, is denied.

DATED July 10, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

3