UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW GREGORY SPOTTED ELK,<br><br>Plaintiff,<br><br>vs.<br><br>AW BENTENE, in their official capacity;<br>ALEX HANSON, S.I.U., in their individual and<br>official capacity; TROY ELLISE, Restrictive<br>Housing Hearing Board member, in their<br>individual and official capacity; R.<br>VANDEREA, Restrictive Housing Board<br>Member, in their individual and official<br>capacity; D. BIEBER, Restrictive Housing<br>Hearing Board Member, in their individual and<br>official capacity; JEN DRIESKE, in her<br>individual capacity; JESSICA COOK, a/k/a Mrs.<br>Cook, Associate Warden Jameson, in her<br>individual and official capacity; JEANNIE<br>BERTCH, a/k/a J. Bertch, Restrictive Housing<br>Manager, Associate Warden Jameson, in her<br>individual and official capacity; ERIC<br>TIMMERMAN, Restrictive Housing Staff<br>Member, in their official capacity; SETH<br>HUGHES, A-Floor Unit Manager, in his official<br>capacity; TROY PONTO, Deputy Warden, in<br>his official capacity; LT. M. JONES,<br>Disciplinary Hearing Officer, in their official<br>capacity; TIFFANY STOYNOV, Unit<br>Coordinator, in her individual and official<br>capacity; UNIT COORDINATOR BUOL, Unit<br>Coordinator, in their official capacity; CATHY<br>WYNIA, Special Investigator (SIU), in her<br>individual and official capacity; M. WARD,<br>Case Manager, in their individual and official<br>capacity; UNIT COORDINATOR PECHOUS,<br>A-Floor Unit Coordinator, in their official<br>capacity; CHAD ROTERT, Associate Warden,<br>in his individual and official capacity; TERESA<br>BITTINGER, in her official capacity; KELLIE<br>WASKO, in her official capacity,<br><br>Defendants. | 4:22-CV-04031-LLP<br><br><br>ORDER DENYING PLAINTIFF'S SECOND<br>MOTION FOR APPOINTMENT OF<br>COUNSEL AND GRANTING<br>DEFENDANTS' MOTION TO EXCEED<br>PAGE LIMITATION |

Plaintiff Andrew Gregory Spotted Elk, an inmate at the South Dakota State Penitentiary, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Spotted Elk's complaint, dismissing it in part and directing service upon the remaining defendants. Doc. 12. After Defendants answered Spotted Elk's complaint, this Court entered a scheduling order and two amended scheduling orders. Docs. 32, 37, 38, 40, 42. Spotted Elk has filed a second motion for appointment of counsel. Doc. 46. Defendants move for leave to file a brief in support of their motion for summary judgment that exceeds thirty pages. Doc. 47,

I.      **Spotted Elk's Motion for Appointment of Counsel**

Spotted Elk filed a motion for appointment of counsel, Doc. 11, which this Court denied in its 1915A Screening Order. Doc. 12 at 21–22. Spotted Elk has now filed a second motion for appointment of counsel. Doc. 46. In his second motion for appointment of counsel, Spotted Elk renews some of the arguments that he raised in support of his first motion for appointment of counsel, but he also raises new arguments. *Compare* Doc. 11, *with* Doc. 46. Spotted Elk contends that after the Court denied his request for a preliminary injunction, he was "immediately brutalized violently by two inmates" and sustained head trauma that caused "memory lapse, paralyzing head-aches, focus issues and a decline in [his]overall brain functions." Doc. 46 at 1.  He alleges that does not know how to conduct discovery or amend his pleadings. *Id.* at 4. Finally, he argues that extensive document discovery is necessary, including discovery of various policies and practices that are not accessible to inmates. *Id.* at 3, 6.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel, the Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.* As the Court stated when denying Spotted Elk's first motion for appointment of

2

counsel, his claims do not appear to be too complex. Doc. 12 at 21–22. Spotted Elk's pleadings demonstrate that he is able to adequately articulate his claims.

Although Spotted Elk alleges that he does not know how to conduct discovery or amend his pleadings, this Court has provided Spotted Elk a copy of the Local Rules of Practice and Federal Rules of Civil Procedure 26, 33, 34, 36, 37, and 56 and informed him that if he chooses to conduct discovery, he must comply with the applicable Federal Rules of Civil Procedure. Doc. 38-1; Doc. 38-1; Doc. 45 at 2–3. The Court also notes that Spotted Elk has previously filed a motion for leave to amend his complaint, which was granted. Docs. 24, 35. Based on the allegations in Spotted Elk's amended complaint, Doc. 36, it does not appear that specific policies and practices to which inmates are not permitted access may be relevant to Spotted Elk's allegations. But, if Spotted Elk identifies a particular policy or practice he contends will refute one or more of the paragraphs of Defendants' statement of undisputed material facts, Federal Rule of Civil Procedure 56(d) provide the Court authority to issue an appropriate order. Finally, Spotted Elk has not provided any medical records or other record evidence to substantiate his allegation that he suffers from memory loss or a decline in overall brain function due to a head trauma. For these reasons, Spotted Elk's second motion for appointment of counsel, Doc. 46, is denied. As the Court stated in its previous order denying Spotted Elk's first motion for appointment of counsel, the Court remains open to the possibility of appointing counsel if this case proceeds beyond the motion stage. *See* Doc. 12 at 22.

## II.     Defendants' Motion to Exceed Page Limitation

The District of South Dakota's local rules provide that "[b]riefs must not exceed 30 pages . . . unless prior approval has been obtained from the court." D.S.D. Civ, LR 7.1.B.1. Because of the number of issues raised by Spotted Elk that Defendants contend require "a rather fact-intensive discussion . . . to adequately address[,]" Defendants seek permission to file a brief in support of their motion for summary judgment that exceeds thirty (30) pages but does not exceed

forty (40) pages. Doc. 47 at 4. Good causing appearing, Defendants' motion to exceed page limitation, Doc. 47, is granted.

Accordingly, it is ORDERED:

1. That Spotted Elk's motion for appointment of counsel, Doc. 46, is denied.

2. That Defendants' motion to exceed page limitation, Doc. 47, is granted. Defendants may submit a brief in support of their motion for summary judgment that does not exceed forty (40) pages.

DATED August 20, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

4